# Merchants' National Bank of Tuscaloosa v. McGee *et al.*

*Bill in equity by simple contract creditor to set aside fraudulent conveyance by deceased debtor.*

1. *When simple contract creditor may come into equity to set aside fraudulent conveyance of deceased debtor.*—A simple contract creditor may file a bill to subject property alleged to have been fraudulently conveyed by his deceased debtor, while in life, on an averment of deficiency of legal assets.

2. *Same; administrator not necessary party.*—In a bill to set aside a fraudulent conveyance by a deceased debtor, the administrator though a proper, is not a necessary party, where the bill avers that there are no legal assets.

3. *Same; when statute of non-claim does not apply.*—In such a case, where no administrator has been appointed, the statute of non-claim has no application.

APPEAL from Chancery Court of Tuscaloosa.

Heard before Hon. THOMAS COBBS.

This was a bill filed by the appellant against the heirs at law of James McGee, who had died intestate, and whose estate was alleged to be insolvent, and sought to set aside as fraudulent a voluntary conveyance made by decedent, in his life time, to the defendants, and subject the same to payment of complainant's debt against the intestate. The complainant was a simple contract creditor. The defendants interposed numerous demurrers, all of which were overruled except the 10th and 11th which are as follows : 10th. "Because the bill of complaint does not show whether or not there is a personal representative of the estate of said J. S. McGee, dec'd." 11th. "Because the bill does not make the personal representative of J. S. McGee, dec'd, a party to the suit, nor show any sufficient excuse for not making such personal representative a party to the suit." The chancellor sustaind the grounds of demurrer above set out, and his rulings in that respect are assigned as error.

FOSTER & OLIVER, for appellant.

JONES, MAYFIELD & BROWN, for appellees.

HARALSON, J.—This was a bill by a simple contract creditor for the purpose of reaching and subjecting property alleged to have been fraudulently conveyed by his deceased debtor while in life, on an averment of deficiency of legal assets. That such a bill may be maintained has been for a long time and very frequently affirmed in this court.—*Halfman v. Ellison*, 51 Ala. 544 ; *Houston v. Blackman*, 66 Ala. 559 ; *Lehman v. Meyer*, 67 Ala. 397 ; *Battle v. Reid*, 68 Ala. 149 ; *Sharp v. Sharp*, 76 Ala. 319.

In *Battle v. Reid*, *supra*, the bill contained no averment negativing the existence of legal assets of the deceased debtor, and it was consequently without equity ; but an amendment to the bill was filed, alleging that the debtor died insolvent, and this was held to be a sufficient averment of deficiency of legal assets.

In *Houston v. Blackman*, *supra*, the debtor, Houston, died intestate, and there being no assets to administer, no letters of administration were granted on his estate.

The bill was held to have been properly filed. The court said: "The theory on which the bill proceeds, in such cases, is that the fraudulent donee stands in the relation, and is chargeable as an executor *de son tort;* and he is allowed to make any defenses, which the debtor in life, or the rightful personal representative, could have made.—*Reed v. Minell*, 30 Ala. 61; *Halfman v. Ellison*, 51 Ala. 543. The donee having this right, and as no decree is sought, or can be obtained, which will affect the rightful personal representative, though a proper, he is not a necessary, party.—*Inge v. Boardman*, 2 Ala. 331."

In *McClaren v. Anderson*, 104 Ala. 201, we held, in a similar case, where no administration had been taken on the estate of the deceased debtor, who, it was alleged, died insolvent, that the bill was not demurrable on the ground that his administrator was not made a party defendant, for the reason, that if there had been an administration, it was optional with the complainant to make him a party or not.—*Coffey v. Norwood*, 81 Ala. 199.

In the case we have before us. McGee, the alleged fraudulent debtor, died in the latter part of 1894; and it is alleged, that the conveyance sought to be set aside, was wholly voluntary and void against the demands of complainants; that by such conveyance, said McGee made himself wholly insolvent, and complainants could not collect their said claims unless the conveyance was set aside and the lands therein conveyed subjected to the payment of their debts.

The chancellor sustained a demurrer to the bill, because, as objected, it did not show whether or not there was a personal representative of the estate of said McGee; and because the personal representative of said McGee, deceased, was not made a party to the suit, and no sufficient excuse was shown, for not making his personal representative a party.

It is manifest, that under the foregoing authorities, the grounds of demurrer were not well taken, and should have been overruled.

The argument to sustain the ruling of the chancellor is, that the bill cannot be maintained unless it is shown, that the alleged debts, which are sought to be enforced, have been presented as claims against the estate of said McGee, within the time and manner prescribed by sec-

[Buford v. Ward, Admr.]

tion 2081 of the Code; and, there being no administration on the estate, there could be no presentation of said claims, so as to make them valid and enforceable claims against said estate. A sufficient answer to these suggestions might be, that the demurrer does not raise the quetion of non-claim.

The contention of counsel springs from that line of cases in this court, holding that the statute of non-claim is applicable to cases of this character, where there has been administration on the estate of the deceased debtor· *Halfman v. Ellison. supra*; *Smith v. Gilliam*, 80 Ala. 300; *Herstein v. Walker*, 85 Ala. 40. But, in these, and we apprehend all other cases holding to the same doctrine, executors or administrators of the deceased debtor had been appointed. Until the appointment of such a personal representative, the statute of non-claim does not begin to run, and can have no operation. And while it is true, in cases where there has been an appointment of an executor or administrator, that a claim itself as a monied demand, if not presented or filed within the time prescribed by the statute, is forever barred, and is extinguished so far as the general liability of the decedent's estate is concerned, still, it does not follow, where a deceased debtor who had fraudulently conveyed his property in his lifetime, and dies insolvent, and there is a deficiency of legal assets out of which a creditor's claim can be satisfied, and there has been no administration on his estate, that a simple contract creditor is debarred on that account, to file his bill against the fraudulent grantee for the purpose of reaching and subjecting the property fraudulently conveyed to the satisfaction of his claim. In such a case, the statute of non-claim has no application. Authorities *supra*.

Reversed and remanded.