HENRY F. SCHEVE, APPELLEE, V. W. E. VANDERKOLK ET AL.,
APPELLEES; KOENIG & COMPANY, APPELLANT.

FILED NOVEMBER 12, 1914. No. 17,894.

1. Fraudulent Conveyances: REMEDY OF CREDITORS: BULK SALES.
Where the owner of a stock of implements sells his stock in
bulk without complying with the provisions of section 2651,
Rev. St. 1913, commonly called the "Bulk Sales Law," and imme-
diately thereafter dies intestate and insolvent, a creditor of the
seller, as soon as he ascertains the facts, may proceed in a court
of equity for the appointment of a receiver to impound the stock
of goods, have the same sold, and the proceeds applied to the
payment of his claim.

2. ———: ———: ———. In such a proceeding the other creditors
of the seller may intervene, and the court may distribute the pro-
ceeds of the sale *pro rata* among the several creditors according
to the amounts of their claims.

3. ———: ———: ———. In such case the creditors of the decedent
will not be required to reduce their claims to judgment and have
executions returned *nulla bona*, nor file them in the probate court
for allowance, before they can proceed to impound the stock of
goods and subject it to the payment of their claims.

4. ———: BULK SALES: PURCHASER A TRUSTEE. In such a case the
purchaser in possession of the stock of goods who has not com-
plied with the bulk sales law will be held to have received the
property in trust for the benefit of the creditors.

5. ———: ———: CREDITORS' SUIT: PARTIES. The person in whose
possession the goods are found is a necessary party to the pro-
ceedings, but other purchasers through whose hands the goods
have passed, and who are shown to have no creditors and no
present interest in the property, are not necessary parties, and
the action may be dismissed as to them, when they seek no af-
firmative relief.

APPEAL from the district court for Jefferson county.
LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*John C. Hartigan* and *E. A. Wunder,* for appellant.

*Hinshaw & Hinshaw, Heasty, Barnes & Rain; F. N.
Prout, E. A. Coufal, Mills & Beebe, L. S. Hastings* and
*C. H. Denney, contra.*

BARNES, J.

This action was commenced by a creditor of one George Lightbody, deceased, for the appointment of a receiver, and for the disposal of a stock of goods, wares and implements which had been sold in violation of the provisions of section 2651, Rev. St. 1913, commonly called the "Bulk Sales Law," against the purchase of the stock at bulk sale, in possession. A receiver was appointed, all of the creditors of Lightbody intervened, and by proper pleadings asked for the same judgment which the original plaintiff had prayed for. On the final hearing the district court found that the sales were void, found the amount due each of the creditors, ordered the stock of implements sold, and distributed the proceeds among the several plaintiffs according to the amounts of their claims, dismissed the action as to the defendants Vanderkolk and Milligan, and the copartnership, composed of Sandman, Koenig and Bishop, has appealed.

It appears that George Lightbody of Harbine, which is a small village in Jefferson county, on October 25, 1911, sold his stock of implements to W. E. Vanderkolk, without complying with the bulk sales law; that within five days thereafter Vanderkolk sold the stock to William Milligan, without complying with said law, and on November 1, 1911, Milligan sold the stock to Charles Sandman, Lewis B. Koenig and William T. Bishop, partners doing business as Koenig & Company, without complying with the provisions of the section above mentioned. It further appears that Sandman, one of the partners, was the president of the State Bank of Harbine, and at all times from July 21, 1911, until after November 2, of that year, knew that the plaintiff was surety for Lightbody on a note for $2,000 due the bank, and which the plaintiff was obliged to pay. On November 2, 1911, Lightbody died intestate and insolvent. On November 23, 1911, and before the appointment of an administrator of his estate, the plaintiff brought this action, asking for a receiver to take charge of said goods, sell the same, and apply the proceeds to the payment of the debts of decedent. The goods were

sold by order of the court, and a decree was entered that all the sales were fraudulent and void as having been made in contravention and defiance of the bulk sales law. The court rendered a judgment in favor of the several creditors, and ordered the proceeds of the sale to be distributed. *pro rata.*

It is the contention of the appellant that the creditors' claims must have been reduced to judgment and executions returned *nulla bona* before this action could be maintained; and it is argued that a creditor whose claim has not been reduced to judgment, and who has neither a general nor specific lien on his debtor's property, is not entitled to have such property impounded as security for the claim. Neither is he entitled to a decree canceling fraudulent transfers already made. That this is the rule in ordinary cases must be conceded. But this rule, like all others, has its exceptions, and the transactions, of which complaint is made, seem to be within the exception. Smith, Equitable Remedies of Creditors, sec. 167.

It is further contended that the claims of the creditors should have been filed and allowed in the probate court before this action could be maintained. It must be observed, however, that this is not a probate proceeding. Lightbody had parted with his interest in the property before his death, and immediately died insolvent. His heirs had no interest in the property, and could not have invoked the provisions of the bulk sales law. The creditors were the only parties who could complain. The insolvency of Lightbody was alleged in the petition and was admitted by the answer. An execution would not run against the administrator of the insolvent estate. *Kennedy v. Creswell,* 101 U. S. 641; Smith, Equitable Remedies of Creditors, sec. 167; *Steere v. Hoagland,* 39 Ill. 264; *Smalley v. Mass,* 72 Ia. 171.

The courts, wherever this question has been presented, have held that the creditors would not be required to do a vain thing. In *Merchants Nat. Bank v. McGee,* 108 Ala. 304, it was said: "A simple contract creditor may file a bill to subject property alleged to have been fraudulently

conveyed by his deceased debtor, while in life, on an aver-
ment of deficiency of legal assets." It was further said:
"The theory on which the bill proceeds, in such cases, is
that the fraudulent donee stands in the relation, and is
chargeable, as an executor *de son tort;* and he is allowed
to make any defenses, which the debtor in life, or the
rightful personal representative, could have made.  *  *  *
It does not follow, where a deceased debtor who had fraudu-
lently conveyed his property in his lifetime, and dies in-
solvent, and there is a deficiency of legal assets out of which
a creditor's claim can be satisfied, and there has been no
administration on his estate, that a simple contract cred-
itor is debarred on that account to file his bill against the
fraudulent grantee for the purpose of reaching and sub-
jecting the property fraudulently conveyed to the satis-
faction of his claim." We think that in the light of the fore-
going authorities appellant's contention cannot be sus-
tained.

The constitutionality of the bulk sales law is not as-
sailed in this case.  But it is contended that a second
purchaser takes the property without regard to the provi-
sions of the statute, and therefore the creditors in this
case cannot maintain an action against the defendant Koe-
nig & Company to subject the property to the payment
of their claims.

A like question was before the supreme court of Michi-
gan in *Humiston, Keeling & Co. v. Yore,* 148 N. W. (Mich.)
266.  It was there said: "The admitted violation of the
bulk sales law (Pub. Acts 1905, No. 223), declaring the
sale in bulk of any part or the whole of a stock of mer-
chandise otherwise than in the ordinary course of busi-
ness void as against creditors, gives a court of equity
jurisdiction of a bill by a creditor, joining other
creditors of the seller, to reach and apply the property
by declaring the purchaser a receiver in trust for cred-
itors, and by an injunction and an accounting."

The question was again before that court in *Coffey v.
McGahey,* 148 N. W. (Mich.) 356.  That was a case
very like the one at bar.  There the creditor had sold his

merchandise in bulk without a compliance with the bulk sales law, and the purchaser had sold and delivered the property to another. It was there said: "Under the bulk sales act (Pub. Acts 1905, No. 223), providing that creditors, upon knowledge that the requirements of the act have not been followed, may apply to have the purchaser become a receiver and account to creditors, the rule that a creditor must obtain a judgment at law before resorting to equity does not apply; and, apart from the statute, the rule is subject to exceptions, where a judgment cannot be had because the debtor is dead, has absconded from the state, and has no property therein." It was further said: "Under the bulk sales act, * * * a bill in behalf of complainant and all other creditors of the seller upon the theory that the statute made the debtor's sale absolutely void, and that his creditors could apply the property to their claims, by receivership, injunction, and an accounting, and not on the theory of a creditor's bill or a bill in aid of execution, the complainant would not be denied equitable relief, on the ground that he had an adequate remedy at law, though the equitable remedy is not exclusive." It was said in the opinion in that case: "Any and all creditors may, as soon as knowledge comes to them that the requirements of the statute have not been followed, proceed immediately, not to set aside the sale, but to impound the property or its proceeds. Upon application of any of the creditors, 'any purchaser shall become a receiver and be held accountable,' etc., is the reading of the statute, and for this reason the judgment creditor rule does not apply."

The supreme court of Michigan has also held that in such cases it is optional with the creditor to proceed by garnishment or to ask to have a receiver, and it is immaterial that the purchaser of the stock was ignorant of the requirements of the statute; that such sale is void, and the purchaser is a trustee for the creditors. It may be observed that the provisions of the Michigan statutes are but declaratory of the equity provisions which are usually enforced by courts of equity in this country.

It appears, in the case at bar, that the several purchasers of the stock of implements in question were ignorant of the existence of the bulk sales law, but that fact can avail them nothing, because no one will be presumed to be ignorant of the law. While it may seem a hardship to deprive Koenig & Company of the stock of implements in question, we fail to see how the courts could grant them any relief. It is quite apparent that the decree of the district court, which declared the sales void, and that the defendant Koenig & Company, who purchased and had possession of the stock of implements in question, were trustees for the benefit of the creditors, was right, and it was not error to dismiss the action as to Vanderkolk and Milligan, who had parted with the possession of the stock of implements in question.

The judgment of the district court is

AFFIRMED.

REESE, C. J., SEDGWICK and HAMER,. JJ., not sitting.