INTERSTATE RUBBER COMPANY, APPELLEE, V. ISAAC KAUFMAN ET AL.; CHRIS ASMUSSEN, GARNISHEE, APPELLANT.

FILED JUNE 18, 1915. No. 18225.

Garnishment: PURCHASER OF MERCHANDISE IN BULK. The purchaser of a stock of merchandise transferred to him in violation of the Bulk Sales Law holds the property as trustee for the seller's creditors, and his liability in that capacity may be enforced by garnishment, though he has paid the purchase price and has resold the stock. Rev. St. 1913, sec. 2651.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. Affirmed.

J. C. Robinson, for appellant.

H. E. Burkett and Walter S. Stillman, contra.

ROSE, J.

This is an action on a promissory note for $230. It was given for goods sold and delivered to the makers, Isaac Kaufman and Lizzie Kaufman. They made no defense. Plaintiff is payee. Chris Asmussen was summoned as garnishee. His answer shows that he purchased from the Kaufmans a stock of merchandise for $10,000. Notice of the sale was not given to creditors of the Kaufmans in compliance with the Bulk Sales Law. Rev. St. 1913, sec. 2651. Before the writ of garnishment was served, the garnishee had paid the purchase price and had resold the stock. At the time of the sale to the garnishee, plaintiff was a creditor of the Kaufmans, and the note in suit was given for the amount of their indebtedness. Upon a hearing in the proceeding in garnishment, judgment

was rendered against Asmussen, the garnishee, for the full amount of plaintiff's claim, and he has appealed to this court.

The statute provides: "The sale, trade or other disposition in bulk of any part or the whole of a stock of merchandise, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the seller's business, shall be void as against the creditors of the seller, * * * unless the purchaser shall, at least five days before taking possession of such merchandise, or paying therefor, notify personally, or by registered mail, every creditor whose name and address" are stated in the sworn list to be demanded of the seller. Rev. St. 1913, sec. 2651.

On appeal the position of the garnishee may be summarized as follows: Garnishment is not the proper remedy. The rights of an attaching creditor, as against the garnishee, are not superior to those of the debtor. A garnishee is not liable as defendant's debtor, unless it affirmatively appears that, at the time of the garnishment, a cause of action existed against the former in favor of the defendant for the recovery of a legal debt. The argument, as thus outlined, is not without support in adjudicated cases.

In *McIntosh & Warren v. Owosso Carriage & Sleigh Co.*, 146 S. W. (Tex. Civ. App.) 239, it was held: "Where the purchaser of the entire stock of an insolvent debtor paid full value for the goods without fraud in making the purchase, and had none of such goods in his possession when he was garnisheed by a creditor of the seller, judgment could not be rendered against him for the proceeds of the goods sold as a trustee for the benefit of creditors." After a review of cases the Texas court said: "A purchaser of goods from an insolvent debtor may in fact, hinder, delay and defraud his creditors, though full value be paid, for the reason that money in the pocket of the debtor is beyond the reach of the law. In such case if the purchaser knew, or is chargeable with notice of such fraudulent intent by fiction of the statute of frauds, the wisdom

of which has met with approval since its passage in 13 -Elizabeth, the title, as to creditors, remains in the fraudulent creditor, and such goods may be seized under execution or attachment, or a lien may be fixed upon them by garnishment while they remain in the hands of the fraudulent purchaser. But there is no statute in this state which gives a creditor any title to the proceeds of such goods. To say that the purchaser who, in good faith, has paid full value for such goods, without any intent to defraud, though such purchase be a constructive fraud by virtue of some such statute as the Bulk Sales Law, holds the proceeds of such goods in trust for creditors, would indeed be a fiction of law, and one that we are not prepared to announce. The purchaser who pays full value for goods does not in fact hold them in trust for the seller, nor for his creditors, but for himself and against everybody. That he is estopped to set up such claim where he has participated in the fraudulent intent of the seller is by force of the statute, and where the statute halts the courts must halt."

The weight of authority, however, and the views previously announced by this court are to the contrary. In *Appel Mercantile Co. v. Barker*, 92 Neb. 669, it was held: "One who obtains possession of a stock of merchandise pursuant to a purchase thereof in bulk, in violation of the statute, will be held to be a trustee for the benefit of the creditors of his vendor, and liable as garnishee." In that case the purchaser had disposed of the stock of merchandise, but still held title to land exchanged for the goods. For this reason, it is insisted that the decision does not control the present case, but the opinion cites and follows *Kohn v. Fishbach*, 36 Wash. 69, 104 Am. St. Rep. 941, wherein the following language is used: "It is true, the garnishee answered * * * that he did not at that time have any of the property of the defendant in his possession, and that he was not indebted to him. But, in contemplation of law, he had the property of the defendant in his hands, because, having purchased the property in fraud of law, without complying with the provisions of the law in

relation to sales of property in bulk, he stood in the position of a trustee of the property, responsible to the *cestui que trust* or the creditors for the disposition of such property."

Under facts identical with the present case, it was said in *Jaques & Tinsley Co. v. Carstarphen Warehouse Co.*, 131 Ga. 1: "As a general rule, a garnishee's liability to a creditor of the principal defendant is conditioned upon his liability to such defendant—in other words, a creditor cannot reach by garnishment any assets which his debtor could not recover from the garnishee. *Tim & Co. v. Franklin*, 87 Ga. 93. This rule is subject, however, to an exception, where the garnishee is in possession of effects of the defendant under a transfer fraudulent as to his creditors. In such a case, though the defendant can maintain no action against the garnishee, yet a creditor of the defendant may subject the effects in the garnishee's hands by garnishment. * * * What is the liability of a garnishee, who held goods of the defendant under a transfer void as to creditors of the latter, but who sold them prior to the service of the summons of garnishment? * * * We are of opinion that the purpose of the statute regulating sales of goods, wares and merchandise in bulk was to constitute such goods, etc., sold in bulk without complying with the provisions of the statute, trust property in the hands of the purchaser for the benefit of the creditors of the seller."

The correct rule seems to be: The purchaser of a stock of merchandise transferred to him in violation of the Bulk Sales Law holds the property as trustee for the seller's creditors, and his liability in that capacity may be enforced by garnishment, though he has paid the purchase price and has resold the stock. *Appel Mercantile Co. v. Barker*, 92 Neb. 669; *Scheve v. Vanderkolk*, 97 Neb. 204; *Musselman Grocer Co. v. Kidd, Dater & Price Co.*, 151 Mich. 478; *Marquette County Savings Bank v. Koivisto*, 162 Mich. 554.

It was suggested in argument, as a reason for reversing the judgment against garnishee, that he bought the goods

566 NEBRASKA REPORTS. [VOL. 98

State, ex rel. Missouri P. R. Co., v. Clarke.

in bulk before the note was executed; but the point is not well taken, because the record shows without dispute that the debt evidenced by the note was incurred before garnishee made his purchase.

Garnishee also complains that plaintiff waited too long before asserting any right under the statute. This defense, however, is not established by the record.

AFFIRMED.

HAMER, J., not sitting.