BROWN SHOE COMPANY, Plaintiff, Appellant, v. EARL SACKS, Defendant, JOSEPH ZERMAN, Respondent.

St. Louis Court of Appeals.     Opinion Filed April 8, 1919.

1. **FRAUDULENT CONVEYANCES: Bulk Sales Law: Sale of Entire Stock: Failure to Notify Creditors: Garnishment.** Under the Bulk Sales Law (Laws 1913, page ·163) which provides that the sale, trade or other disposition of the major part in value or the whole of the stock of merchandise, or merchandise, fixtures and equipment or equipment pertaining to the vendor's business otherwise than in the ordinary course of trade and in the regular prosecution of the vendor's business, etc., shall be fraudulent and void as against all creditors of the vendor, unless the vendee shall take certain steps to ascertain the names and addresses ·of the vendor's creditors, with the amount due each, and to notify such creditors, in accordance with the terms of the act as therein set forth in detail, *held* that a sale in bulk, falling within the purview of the act, made in disregard of its provisions, is´ in law fraudulent, without regard to the actual intention of the parties thereto, and that the vendee in such case is liable as garnishee to a creditor of the vendor.

2. ——: ——: **Remedy Provided by Bulk Sales Law Not Exclusive: Garnishment.** Although Section 2 of the Bulk Sales Law (Laws 1913, page 163) provides that any vendee who shall fraudulently fail or refuse to comply with the provisions thereof shall, upon application of any of the vendor's creditors, become a receiver and be held accountable to such creditors, etc., such remedy is not exclusive.

3. ——: ——: ——: ——: **Garnishee's Liability to Creditors: Rule.** While the general rule is that the liability of a garnishee to a creditor of a principal defendant is conditioned upon his liability to the defendant himself, that a creditor cannot reach by garnishment assets which his debtor could not have recovered from the garnishee, such rule is always subject to the exception that, where a garnishee has money, credits, or effects of the defendant which came into his possession through a transfer fraudulent as to defendant's creditors, the same may be reached by the writ of garnishment.

4. ——: ——: **Garnishment: Limitations: Proceeding to Invalidate Sale.** Where the writ of garnishment was issued and served on the garnishee, less than ninety days after the date of the delivery of the property to the garnishee, in view of Section 2416,

Revised Statutes 1909, which provides that the service of such writ of garnishment shall have the effect of attaching all personal property, money, rights, credits, etc., of the defendant in the garnishee's possession or charge, or under his control at the time of the service of the garnishment, etc. *Held* that the issuance and service of the writ of garnishment was a proceeding to invalidate the sale, within the meaning of Section 4a of the Bulk Sales Law Laws 1913, page 163 and that, since the issuance and service thereof were within ninety days after the sale, such proceeding was timely begun.

5. ——: ——: **Exemption from Execution: Matters of Defense: Pleading.** Even though the Bulk Sales Law (Laws 1913, page 163) provides that the provisions of the act shall not apply to any sale, transfer or assignment of any goods, etc., now exempt by law from execution, and the denial fails to allege that the goods in' question were not exempt from execution in the hands of the vendor, defendant herein, it was not, in any event, incumbent on plaintiff to allege and prove that the property was not exempt from execution; this being purely a matter of defense.

Appeal from the Circuit Court of St. Louis County.— *Hon. John W. McElhinney*, Judge.

REVERSED AND REMANDED.

*Jones, Hocker, Sullivan & Angert*, and *Vincent L. Boisaubin* for appellant.

The purchaser of goods sold in violation of the provisions of the "Bulk Sales" law is a trustee for the creditors who may hold the fraudulent purchaser in garnishment for the value of the goods or the proceeds coming into his hand in case he has disposed of the goods. Riley Penn. Oil Co. v. Symmonds (Tritsch, Garnishee), 195 Mo. App. 111; Kohn v. Fishbach, 36 Wash. 69, 78 Pac. 199; Friedman v. Branner, 72 Wash. 338, 130 Pac. 360; Owosso Carriage Co. v. McIntosh, 179 S. W. 257; Jacques & T. Co. v. Carstarphen W. H. Co., 130 Ga. 1, 62 S. E. 82; Appel Merc. Co. v. Barker, 92 Neb. 669, 138 N. W. 1133; Interstate Rubber Co. v. Kaufman, 98 Neb. 562, 153 N. W. 585; Gazette v. Iola Co-op. Merc. Co., 160 N. W. 170; In re Thompson, 242 Fed. 602; Wheeler & Motter Merc. Co. v. Moore, 141 Pac. 664.

*Greensfelder & Levi* for garnishee-respondent.

(1) Section 4a of the Bulk Sales Act places a limit of ninety days after the transfer in which to commence a proceding to declare the same void, and if amendments be made or new allegations asserted attacking transfer, after the ninety-day period, no cause of action is stated. Section 4a, Act March 25th, Laws 1913, p. 163; Douglass Candy Co. v. Shenk et al., 194 S. W. 754. (2) Garnishee is not presumed liable and plaintiff must allege facts sufficient to constitute a cause of action by setting out specifically the fact relied upon, where garnishee denies owing defendant anything or having any property, etc., of defendant in his possession, and the issues thus made up shall be the sole issues tried. R. S. 1909, section 2431; Peycke, etc., Co. v. Sandstone Co-op. Co., 191 S. W. 1088; Bank v. Ankrum, 177 S. W. 778; Dodge v. Knapp, 112 Mo. App. 513. (3) Section 2 of the Act having provided a definite remedy for violation thereof, the same is controlling on the principle that "the expression of one thing is the exclusion of another." State ex inf. Conking. ex rel. Hendricks v. Sweaney, 270 Mo. 685; Section 2, Act March 25, 1913, L. 1913, p. 163. (4) Proper rules for construction of statutes is to consider the purpose which induced the enactment, the mischiefs they are intended to remedy and the state of the law before the enactment and to consider the convenience or inconvenience which would result from the enforcement of the Act. Straughan v. Meyers, 268 Mo. 580; Craig v. St. Louis & San F. Ry. Co., 248 Mo. 270; Gum v. St. Louis & San. F. Ry. Co., 193 S. W. 498 Spicer v. Spicer, 249 Mo. 582; State ex rel. Rippee v. Forest, 177 Mo. App. 245. (5) Section 3 of the Act exempts from its provisions the sale of property exempt from execution, so in order to state a cause of action as for violation of the Act, it should be alleged that the property was not exempt. Section 2, Act March 25, 1913, L. 1913, p. 163; Furth v. March, 101

Mo. App. 329; Steinberg v. Levy, 159 Mo. 617; Section 2881, R. S. 1909. (6) Article 5, Chapter 30, R. S. 1909, regarding covenances in general, should be read in connection with the provisions of this Act, which is in no way repealed, modified or changed by the Bulk Sales Law. As repeals by implication are not favored, both statutes will stand if not in irreconcilable conflict. Section 2886, R. S. 1909; Gasconade County v. Gordon, 241 569; State ex rel. Gregory v. Brodie, 161 Mo. App. 538; State ex inf. Major v. Amick, 247 Mo. 271. (7) The wording of Section 1 of the Bulk Sales Act does not necessarily mean absolutely void, but void in connection with other sections of the statutes regarding fraudulent conveyances. Simmons Hdw. Co. v. Fighting, etc., Co., 135 Mo. App. 266; Conran v. Fenn, 159 Mo. App. 664; Clark v. Lewis, 215 Mo. 173; MacGreenery et al. v. Murphy, 76 N. H. 338. (8) Before garnishee can be held as trustee and personally liable for value of the stock, proper allegation should be made showing his knowledge of the fraudulent transfer. Garnishee cannot be held as constructive trustee for the plaintiff for non-compliance with Act. Ferguson v. Robinson, 167 S. W. 447; O'Day v. Annex Realty Co., 191 S. W. 47; Continent Dist. Co. v. Swamson, 159 Pac. 865. (9) The right to follow trust funds or proceeds in the hands of third persons ceases as to an innocent purchaser for value without notice. See 39 Cyc. 539 and 559; Mayer v. Bank, 86 Mo. App. 422; Kent v. Kent, 165 Pac. 271; Johnson v. Petersen, 163 N. W. 869; Carrie v. Carnes, 145 Ga. 184; Smith v. Wallace Nat. Bank, 150 Pac. 21.

ALLEN, J.—On May 6, 1915, plaintiff, a corporation, appellant here, instituted an action in the circuit court of St. Louis county alleging that defendant, one Sacks, was indebted to it in the sum of $737.27, being the balance due for certain goods, wares and merchandise sold and delivered by plaintiff to defendant. It is said that the suit was begun by attachment, but the

attachment affidavit does not appear in the record before us. The record recites that upon this petition "attachment and garnishment were issued and duly served on the garnishee on the 25th day of June, 1915." It appears that plaintiff caused a writ of garnishment, on attachment, to be issued, commanding the sheriff to attach the lands, chattels, credits and effects, etc., of the defendant Sacks, and to summon one Joseph Zerman, respondent here, as garnishee.

The sheriff's return shows that the writ of garnishment was duly served on the respondent garnishee on June 25, 1915; and that it purported to attach in his hands all goods, chattels, moneys or evidences of debt which he might have belonging to the defendant Sacks, summoning him to appear and answer such interrogatories as might be propounded to him by plaintiff. A not found return was made as to defendant Sacks.

Thereafter, on September 28, 1915, plaintiff filed its interrogatories in the garnishment proceeding. And on October 11, 1915, the garnishee filed his answer to the interrogatories, stating that he did not have, and had not had since the service of the writ, any property of the defendant in his possession or under his control, and that he was not then, or at the time of the service of the writ, indebted to the defendant in any sum.

On October 13, 1915, plaintiff filed its denial to the answer of the garnishee, setting up, in substance, that on or about April 8, 1915, defendant Sacks sold and transferred to the garnishee his entire stock and fixtures contained in a certain store room in the city of St. Louis, for the price of $445; and that the garnishee, as such vendee, failed to comply with the Bulk Sales Law of this State. Three days later the garnishee filed a demurrer to this denial, which, on October 20, 1915, was by the court sustained. The record also shows that on October 16, 1915, plaintiff's counsel filed his affidavit, making oath that defendant Sacks had absconded and absented himself from his usual place of abode in this State and had concealed himself so that the ordinary

process of law could not be served upon him; and that "on this affidavit the court ordered a publication to issue."

Thereafter, to-wit, on January 6, 1916, plaintiff, by leave, filed an amended denial to the said answers of the garnishee. This amended denial denies that the garnishee, at the time of the service of the writ, or since said time, did not have in his hands or in his possession or under his control any goods, chattels, property, effects or credits of the defendant Sacks; and denies that the garnishee was not indebted to the defendant when summoned as a garnishee, or on any account, as pleaded by the garnishee. And plaintiff then avers that on and prior to April 8, 1915, defendant was indebted to plaintiff in the sum of $737.27, for goods, wares and merchandise sold by plaintiff to defendant; that on or about said date defendant executed a bill of sale to the garnishee herein, which recited that for a consideration of $445 defendant sold and transferred his entire stock and fixtures contained in a store room at 5897 Easton Avenue, in the city of St. Louis, to the garnishee, free of all debts and claims against the same; that said property was thereupon transferred and delivered to the garnishee, and an attempted sale thereof was made between defendant and said garnishee; that the property consisted of a stock of merchandise carried in the regular course of business; that the garnishee, in violation of the statutes of Missouri, failed to demand and receive from the defendant, at least seven days before said sale, a written statement of the names and addresses of all the creditors of the defendant, together with the amount of indebtedness due or owing by defendant to each of them, and failed to notify or to cause to be notified thereof, at least seven days before taking possession of said merchandise, by telegraph or by registered letter deposited in the mail, properly stamped and addressed, each of said creditors, including plaintiff, and failed to furnish said creditors, including plaintiff, a general statement of the character of the merchandise

to be disposed of, the terms and conditions of the purchase, the parties thereto, and the date when and the place where the sale, trade or other disposition was finally completed. And it is averred that said attempted sale and transfer was not made in the ordinary course of trade and in the regular prosecution of the vendor's business, and was fraudulent and void as against all creditors of the vendor, including plaintiff; that the reasonable value of the goods so fraudulently transferred by defendant to the garnishee was $737.27; that immediately after said transfer, and before service of the writ of garnishment upon him, the garnishee retransferred, sold and disposed of said goods. And plaintiff states that at the time of the service of the writ of garnishment the garnishee had in his possession the proceeds of such resale of said goods; that said proceeds were the property of defendant Sacks held by said garnishee in trust for the benefit of plaintiff and other creditors of defendant; and that at the time of the service of the writ of garnishment the garnishee was indebted to the defendant in the sum of $737.27, being the value of the goods so fraudulently sold and transferred. Judgment is prayed against the garnishee for $737.27.

On January 11, 1916, the garnishee filed his demurrer to plaintiff's said amended denial. Thereafter the court sustained said demurrer; whereupon, plaintiff declining to plead further, final judgment was entered in favor of the garnishee on the demurrer. Plaintiff thereupon appealed to this court.

I.

The demurrer of the garnishee, before us, challenges the sufficiency of plaintiff's amended denial, supra, as failing to state facts sufficient to cast liability upon the garnishee. In support thereof, and of the ruling below, it is contended by respondent, in effect, that garnishment is not the proper remedy; that plaintiff's rights, as an attaching creditor, as against the

garnishee, are not superior to those of the defendant debtor; that in order that the garnishment may lie it must appear that, at the time of the service of the writ a cause of action existed in favor of the defendant against the garnishee as for the recovery of a debt. This view we believe to be unsound.

The Bulk Sales Law (Laws 1913, p. 163 et seq.) provides that "the sale, trade or other disposition of the major part, in value, or the whole of a stock of merchandise, or merchandise, fixtures and equipment, or equipment pertaining to the vendor's business, otherwise than in the ordinary course of trade and in the regular prosecution of the vendor's business . . . shall be fraudulent and void as against all creditors of the vendor," unless the vendee shall take certain steps to ascertain the names and addresses of the vendor's creditors, with the amount due each, and to notify such creditors, in accordance with the terms of the act as therein set forth in detail. It follows that a sale in bulk, falling within the purview of the act, made in disregard of its provisions, is in law fraudulent, without regard to the actual intention of the parties thereto. And though section 2 of the act provides that any vendee who shall fraudulently fail or refuse to comply with the provisions thereof shall, upon application of any of the vendor's creditors, become a receiver and be held accountable to such creditors, etc., such remedy is by no means exclusive. In Riley Pennsylvania Oil Co. v. Symmonds, 195 Mo. App. 111, 190 S. W. 1038, it is said:

"The act has been construed in this State as furnishing an additional character of fraudulent conveyance for which an attachment may be had under the general statute. [Supply Co. v. Smith, 182 Mo. App. 212, 167 S. W. 649.] In that case, in the opinion of Judge FARRINGTON, supplemented by the concurrence of Judge STURGIS, is to be found a most interesting discussion of the entire question. Their conclusion that an attachment may be had is in keeping with the views expressed in States with similar statutes to section 1

of our act. [Musselman Grocer Co. v. Kidd, 151 Mich. 478, 115 N. W. 409; Kohn v. Fishbach, 36 Wash. 69, 78 Pac. 199, 104 Am. St. Rep. 941; Carstarphen Warehouse Co. v. Fried, 124 Ga. 544, 52 S. E. 598; Interstate Rubber Co. v. Kaufman, 98 Neb. 562, 153 N. W. 585.]

"It seems to us that the meaning of the statute is that a vendee who buys and obtains possession of merchandise in bulk, without ascertaining the vendor's creditors and notifying them as required by the statute, becomes a trustee for such creditors, and liable to them in the proportion of their respective claims; . . .

"We do not mean to be understood as saying that an attachment is the only remedy under section 1, for it has been held that a proceeding on execution may be had (Mutz v. Sanderson, 94 Neb. 293, 143 N. W. 302; Dickinson v. Harbison, 78 N. J. Law, 97, 72 Atl. 941), and by a bill in equity (Scheve v. Vanderkolk, 97 Neb. 204, 149 N. W. 401). Though in Georgia it was held that, in cases where the legal remedy was complete without the aid of equity, the latter would be denied; and that would, perhaps, be the view of our courts."

While it is true that the general rule is that the liability of a garnishee to a creditor of the principal defendant is conditioned upon his liability to the defendant himself—that a creditor cannot reach by garnishment assets which his debtor could not have recovered from the garnishee, such rule is always subject to the exception that where a garnishee has money, credits or effects of the defendant which came into his possession through a transfer fraudulent as to the defendant's creditors, the same may be reached by the writ of garnishment. Such has long been the law in this State.

In Epstein v. Clothing Co., 67 Mo. App. 221, it is said: "The personal property, while held in kind by the fraudulent vendee, is clearly, as to *creditors*, the property of their debtor (the fraudulent vendor) and so with the *money*. If the fraudulent vendee shall have sold the property, it is within the meaning of this

statute the money of the fraudulent vendor. We think it was the clear intent of the garnishment statute, not only to lay hold of all monies in the hands of the garnishee which might be recovered by the attachment defendant, but as well to reach all monies which such garnishee might have, by reason of the sale of property conveyed to him in fraud of the creditors of such defendant. *As to these defrauded creditors, such funds are the monies of their debtors.''* In this connection see Humphreys v. Milling Co., 98 Mo. 542, 10 S. W. 140; Donk Bros. v. Kinealy, 81 Mo. App. 646; Dunlap v. Mitchell, 80 Mo. App. 393; Grocery Co. v. Clark's Executrix, 79 Mo. App. 401; Straus v. Ayres, 34 Mo. App. 248.

This precise question has not, it appears, arisen in this State under the Bulk Sales Law, supra; though, as shown above, the principle is by no means a new thing in this jurisdiction. And the great weight of authority in other States having statutes of this character, similar to ours, is to the effect that a vendee, under circumstances such as those alleged by plaintiff's amended denial, is liable to a creditor of the defendant as a garnishee.

In Appel Mercantile Co. v. Barker, 92 Neb. 669, it is said: "One who obtains possession of a stock of merchandise pursuant to a purchase thereof in bulk, in violation of the statute, will be held to be a trustee for the benefit of the creditors of his vendor, and liable as garnishee."

In Kohn v. Fishbach, 36 Wash. 69, it is said: "It is true the garnishee answered . . . that he did not at that time have any of the property of the defendant in his possession, and that he was not indebted to him. But, in contemplation of law, he had the property of the defendant in his hands, because, having purchased the property in fraud of law, without complying with the provisions of the law in relation to sales of property in bulk, he stood in the position of a trustee of the property, responsible to the *cestui que*

*trust* or the creditors for the disposition of such property.''

In Interstate Rubber Co. v. Kaufman, 98 Neb. 562, the authorities are reviewed, and the court in conclusion says: ''The correct rule seems to be: The purchaser of a stock of merchandise transferred to him in violation of the Bulk Sales Law holds the property as trustee for the seller's creditors, and his liability in that capacity may be enforced by garnishment, though he has paid the purchase price and has resold the stock.''

In this connection see also: Jaques & Tinsley Co. v. Carstarphen, 131 Ga. 1; Musselman Gro. Co. v. Kidd, etc., Co., 151 Mich. 478; Marquette, etc., Bank v. Koivisto, 162 Mich. 558; Gazett v. Iola Cooperative Merc. Co., 164 Wis. 406; Friedman v. Branner, 72 Wash. 338; Owosso Carriage & Sleigh Co. v. McIntosh, 179 S. W. 257 (Texas), overruling McIntosh v. Owosso Carriage & Sleigh Co., 146 S. W. 239; Wheeler & Motter Merc. Co. v. Moon, 49 Mont. 307; In re Thompson, 242 Fed. 602.

## II.

The amended denial of the garnishee's answer avers that the garnishee disposed of the goods, prior to the service of the writ upon him, and that at the time of the service of such writ he had in his possession the proceeds thereof. There is no allegation as to the amount of such proceeds; but it is averred that at the time of the service of the writ the garnishee was indebted to the defendant in the sum of $737.27, ''being the value of said goods so fraudulently sold and transferred.'' Whether the extent of the liability of the garnishee in such cases is to be determined by the amount realized by him by a resale or other disposition of the goods, or by the reasonable value of the goods, (not exceeding the amount of the plaintiff's claim) is a question not here calling for decision, since it affects only the amount recoverable.

It may be noted, however, that in Jaques & Tinsley Co. v. Carstarphen, supra, this question is considered, and it is held that if a garnishee, who has acquired goods in bulk without complying with the provisions of the Bulk Sales Law of that State, resells them he is liable in the garnishment proceeding "for their value at the time he sells them, provided the value is not more than the amount of the garnishor's debt against the principal defendant." [See, also, Kohn v. Fishbach, supra.]

## III.

It is insisted by respondent, however, that the action of the trial court in sustaining the demurrer was proper for the reason, if none other, that it appears upon the face of the amended denial that the alleged fraudulent sale occurred on April 8, 1915, and neither the original nor the amended denial (by which, it is said, the validity of the transaction was for the first time assailed) was filed within ninety days after the garnishee received the goods, and hence not within the period of limitation prescribed by section 4a of the Act of 1913, supra. That section is as follows:

"No proceeding at law or in equity shall be brought against any vendee to invalidate any sale or transfer of property contemplated by this act after the expiration of ninety days from the date of delivery of such property to any such vendee."

Assuming, without deciding, that the question is one raised by the demurrer under these circumstances, we are of the opinion that respondent's contention is not well founded. The record discloses that the writ of garnishment was issued May 6, 1915, and that it was served on the garnishee on June 25, 1915, less than ninety days after the date of the delivery of the property to the garnishee. Section 2416, Revised Statutes 1909, provides that the service of such writ of garnishment "shall have the effect of attaching all personal property, money, rights, credits . . . of

the defendant in the garnishee's possession or charge, or under his control at the time of the service of the garnishment," etc. We think that the issuance and service of this writ of garnishment was a "proceeding" to invalidate the sale, within the meaning of Section 4a of the statute, supra; and that since the issuance and service thereof were within ninety days after the sale, such proceeding was timely begun. In Ward v. Stutzman, 195 Mo. App. 375, 191 S. W. 1090, it was held that a seizure and sale under execution was a "proceeding" within the meaning of that section. The court said: "Plaintiff's action through the seizure and execution sale made by the sheriff was a 'proceeding' in the sense of the statute (Riley Pa. Oil Co. v. Symmonds, 195 Mo. App. 111). For seizure of the property and transfer to a stranger were acts taken to invalidate the sale to claimant by Stutzman."

It is true that because of the statutory procedure in garnishment, plaintiff's denial of the garnishee's answer did not appear in the case until the return term of the writ, and after plaintiff's interrogatories had been filed and the garnishee had made answer thereto, this being more than ninety days after the alleged fraudulent sale. But as we view the matter, the "proceeding" to reach the property or its equivalent in the hands of the fraudulent vendee was begun within the prescribed period of ninety days, since it had its beginning with the issuance and service of the writ of garnishment. The argument that the writ of garnishment did not suffice to advise the respondent that it was sought to hold him as defendant's debtor upon the ground that the sale in question was fraudulent as being in contravention of the Bulk Sales Law, appears to be without force. It must be conclusively presumed that the vendee, the garnishee herein, knew the law governing the transaction, knew that the transfer was fraudulent in law and that he thereby became amenable to garnishment or other appropriate process to reach the property, or its proceeds or equivalent, in his hands.

The case of Douglass Candy Co. v. Shenk, 194 S. W. 747, cited by respondent in this connection, is not here in point for it deals alone with the question of the timely filing of an amended affidavit in attachment against the vendor, setting up an alleged fraudulent transfer, in violation of the Bulk Sales Law, as ground for such attachment.

## IV.

A further contention of respondent is that the demurrer was properly sustained for the reason that the Bulk Sales Law provides that the provisions of the act, supra, shall not apply to "any sale, transfer or assignment of any goods . . . now exempt by law from execution;" and the amended denial fails to allege that the goods here in question were not exempt from execution in the hands of the vendor, defendant herein. But it is quite clear that this position is untenable. It was not, in any event, incumbent upon plaintiff to allege and prove that the property was not exempt from execution; this being purely a matter of defense.

Other questions suggested in respondent's brief need not be dwelt upon.

We are of the opinion that the learned trial judge erred in sustaining the demurrer. The judgment is consequently reversed and the cause remanded, to be proceeded with in accordance with the views expressed above.

*Reynolds, P. J.,* and *Becker, J.,* concur.