D. B. WARD, Respondent, v. ORA STUTZMAN, Appellant.

Kansas City Court of Appeals, February 12, 1917.

1. **BULK SALES LAW: Limitation: Execution.** A vendor sold his stock of merchandise in bulk, and the vendee did not comply with the statute concerning "Bulk Sales" (Laws 1913, page 1163). A judgment creditor of the vendor had an execution issued and levied on the stock about eight months after the sale. The vendee made claim of property to the sheriff. That officer then demanded and received an indemnity bond from the plaintiff in the execution, and then sold the goods to a stranger. It was *held*, that the execution having been issued and levied more than ninety days after the sale, the proceeding was barred by the Statute of Limitations in the Bulk Sales Law.

2. ————: **Limitation: Sale.** The ninety days Statute of Limitations in the Bulk Sale Law, applies to any proceeding to invalidate the sale, whether under the first or second section of the statute.

3. ————: **Proceeding: Levy: Claim.** The expression in the limitation section of the bulk sale statute, "no proceeding at law or in equity," covers a proceeding by the sheriff in levying an execution on the property sold where the vendee makes claim for the property.

4. ————: **Judgment: Vendee: Proceeding.** Though the proceeding is based on a judgment against the vendor who has sold his goods in violation of the Bulk Sales Law, yet when an execution is issued and levied upon the goods claimed by the vendee, it bcomes a proceeding against the vendee in the statutory sense.

Appeal from Jackson Circuit Court.—*Hon. Daniel E. Bird*, Judge.

REVERSED.

*Chas. Edwin Cooley* and *New, Miller, Camack & Winger* for appellant.

*Samuel Feller* for respondent.

ELLISON, P. J.—This is a proceeding involving a construction of the "Bulk Sales" Law, found in Laws 1913, page 163.

The defendant, Ora Stutzman, owned a stock of jewelry and fixtures and on the 28th of August, 1914, sold them to Elsie Maupin, the claimant herein. The requirements of that law as to notice to creditors, etc., were not complied with. In the following April, Stutzman confessed judgment in favor of Ward & Co., the plaintiff herein. About two weeks thereafter plaintiff had execution issued on this judgment and the sheriff levied it on the stock of jewelry then in possession of claimant Maupin as purchaser from Stutzman in the preceding August. Claimant Maupin then filed her claim with the sheriff, asserting her ownership of the property. Thereupon plaintiff Ward & Co. gave the sheriff an indemnity bond and the sheriff sold the property to a stranger to these proceedings. It will be seen that the execution was issued and levy made more than eight months after the sale to claimant.

Plaintiff Ward & Co. filed an answer to claimant Maupin's claim. To this answer claimant Maupin filed a reply, in which she pleaded the ninety day Statute of Limitations prescribed in section 4a by the Act of 1913, which reads as follows:

"No proceeding at law or in equity shall be brought against any vendee to invalidate any sale or transfer of property contemplated by this act after the expiration of ninety days from the date of delivery of such property to any such vendee."

Plaintiff's action through the seizure and execution sale made by the sheriff was a "proceeding" in the sense of the statute (Riley Pa. Oil Co. v. Symmonds, 195 Mo. App. 111). For seizure of the property and transfer to a stranger were acts taken to invalidate the sale to claimant by Stutzman. And in the case cited, in speaking of the Statute of Limitations here invoked, we said that, "After the expiration of that limited period he (the purchaser) cannot be disturbed in his purchase so far as any violation of that act is concerned." And that "The intention of the statute is to preserve an equality among the creditors under section 1, during the period limited for proceedings

against the sale, and thereby prevent a race for preference which might otherwise result.''

But plaintiff, by a course of reasoning we cannot approve, has developed a theory that this limitation section, broad and comprehensive as it is, only applies to proceedings begun under section 2, of the act. The first section simply provides that all sales of a stock in bulk, or in greater part, shall be fraudulent and void unless the vendee shall demand of the vendor a list of his creditors and then, several days before he (the vendee) consummates the sale, he shall notify each of these creditors of his proposed purchase, of the terms of the sale, the parties thereto and the place and time where and when it will be consummated. This section is open to all creditors. But section 2 of the act, provides an additional remedy for that class of creditors who may be able to identify goods they have sold to the vendor. [Riley Pa. Oil Co. v. Symmonds, supra.]

We are at a loss to understand why the section limiting a proceeding to invalidate a sale in bulk should be confined to the second section of the act. There is nothing in either of the sections to indicate such intention and we cannot discover any reason why that construction should be given to the law. Nor do we see how Supply Co. v. Smith, 182 Mo. App. 212, in any way bears upon the question. In Muller v. Hubschman, 96 Atl. (N. J.) 189, 190, it is said that, ''When the Legislature saw fit 'to give this new and drastic remedy—a remedy which confounds the innocent and the guilty because of the difficulty of discriminating between them —it did not think it wise to allow it to be applied, except for that limited period.'' Our limitation period is the same as in the Statutes of Pennsylvania and New Jersey; and there it has been applied in cases arising in many respects as in the present instance. [Wilson v. Edwards, 32 Pa. Supr. Ct. 295, 311; Ritter v. Wray, 45 Pa. Supr. Ct. 440, 449; Schumaker Co. v. Riddle, 52 Pa. Supr. Ct. 6; Dickinson v. Harbison, 72 Atl. 941.]

In the first of these cases the sale was attacked by a sheriff's levy as in this case, and the court said (p.

311) that if the act was not complied with "the only penalty is that the sale is voidable as to creditors for the period of three months." In the second case, the court said (p. 449): "The sale was consummated on April 16. The defendants did not attempt to impeach the sale by levying upon the goods, until more than three months thereafter. This would seem to be an insuperable obstacle to their right to avail themselves of the provisions of the Act of 1905; for the statute declares that no proceedings at law or equity, shall be brought against the purchaser to invalidate any such voidable sale, after the expiration of ninety days from the consummation thereof."

These cases confirm our statement in Riley Pa. Oil Co. v. Symmonds, supra, that the expression in the statute we are considering, "proceeding in law or equity," includes the levy of an execution upon the property sold as was done in the case before us.

We have not lost sight of plaintiff's suggestion that this limitation section refers to a proceeding at law or in equity "against any vendee;" but we think that in the statutory sense, though the proceeding was by an execution on a judgment against the vendor, in which judgment the vendee was not concerned; yet when the levy was made on the goods after they were purchased by the vendee, it then became, in the statutory sense, a proceeding "against any (the) vendee to invalidate the sale."

The judgment is reversed. All concur.