IDA GALLUP, Respondent, v. MONROE RHODES, et al., Appellant.

Springfield Court of Appeals, May 3, 1921.

1. **FRAUDULENT CONVEYANCES:** Buyer of Goods, Sold Without Compliance with Bulk Sales Law, Could not Complainn of Execution Sale of Goods in Action Against Seller on Ground of Invalidity of Attachment. Purchaser of merchanndise at a sale falling within the Bulk Sales Law, without requirements of such law being

Gallup v. Rhodes.

complied with, could not complain of execution sale of the property in an action against seller by seller's creditor, on the ground of the invalidity of attachment of the property, where no question of limitation was involved.

2. ———: Sale of Restaurant Fixtures Held not Within Bulk Sales Law. The sale of restuarant fixtures such as tables, chairs, counters, ice boxes, etc., *held* not within the Bulk Sales Law.

3. EVIDENCE: Former Owner's Testimony as to Value of Secondhand Soda Fountain Admissible. In action for conversion of soda fountain, testimony by former owner as to the cost thereof when new, and as to what he paid for it and received for it, *held* admissible in absence of showing that it had a general market value.

4. ———: Best Obtainable Evidence as to Value Admissible, where Property has no General Market Value. Where property has no general market value, the best obtainable evidence as to its value is admissible.

Appeal from Mississippi Circuit Court.—*Hon. Frank Kelly*, Judge.

AFFIRMED.

*J. C. McDowell* and *W. H. Grissom* for appellants.

(1) The verdict was for the wrong party, because defendant, Rhodes, made a valid levy under a writ of attachment, which was fair on it face and sold said goods under an execution fair on its face, issued by court of competent jurisdiction. 4 Cyc. 764; 67 Mo. App. 462; 109 Mo. App. 345; 83 Mo. App. 89, 88; 175 Mo. App. 412. (2) The court erred in admitting incompetent, irrelevant and immaterial evidence offered by the defendants. 22 C. J., 176 (14), 184 (140), 186, 187, 189 (153), 190 (154); Heller v. Ferguson, 189 Mo. App. 484. (3) The court improperly declared the law in instructions No. 3, as to what is necessary in making an attachment. Hobbs v. Williams, 175 Mo. App. 412, and the cases cited therein.

*Haw & Brown* for respondent.

(1) There being no legal attachment, and no proper return, the judgment of the justice, based thereon, was void and subject to collateral attack. Howell v. Sherwood, 213 Mo. 565, 576; Kamerick v. Castleman, 29 Mo. App. 658, 664. (2) Constable and attaching creditors are liable jointly and severally for attaching plaintiff's property under an attachment against another person. 4 Cyc. 764; Watzell v. Waters, 18 Mo. 396; Perrin v. Claflin, 11 Mo. 13; Klie v. Wellman, 189 Mo. App. 601, 608; Coffee Spice Co. v. Welborn, 153 Mo. App. 647; Kamerick v. Castleman, 29 Mo. App. 664; Howell, Jewett & Co. v. Caryl & Co., 50 Mo. App. 440. (3) The same is true where the levy is under a void execution and, defendant Hollick's attorney having directed a wrongful levy, said defendant is liable therefor. Howell, Jewett & Co. v. Caryl & Co., 50 Mo. App. 440, 456. (4) Since the jury, under the evidence and the instructions, found that there was no attachment of the property in controversy prior to the levy under the execution, its verdict settles the matter and is binding on this court. Ketchum v. City of Monett, 226 S. W. 976; Durham v. Scafe, 226 S. W. 963. (5) As there was no prejudicial error the court will not reverse this case. R. S. 1919, sec. 1513; Shiner v. United Rys. Co., 248 Mo. 173; Lessenden v. Mo. Pac. Ry. Co., 238 Mo. 247; Fink v. Kansas City Rys. Co., 161 Mo. App. 314.

BRADLEY, J.—Plaintiff sued to recover for the alleged wrongful taking of fixtures which she was using in a cafe. The cause was tried to a jury, and plaintiff recovered judgment for $500, and defendants appealed. It is not clear from the abstract of the record or the certified copy of judgment on file whether the judgment went against all the defendants.

Plaintiff alleges that on January 3, 1918, she owned and was in the possession of three dining tables, twelve

dining chairs, one water cooler, one lunch counter, seven lunch stools, one confection cabinet, one range stove, two ice boxes, four rustic seats, three ice cream tables, eleven ice cream serving chairs, one water keg, one book case, three show cases, one soda fountain, one marble top counter, one wooden counter, one ice cream cone holder, one root bear extract container, and one electric milk shaker, using same in her restaurant in East Prairie, and that on that date defendants, over plaintiff's protest, wrongfully entered her place and took from her said property, and did not return it; that the property so taken was of the value of $1200, and that she was damaged, in addition to the value of the property, in the sum of $600. Defendants answered by a general denial, and a special plea to the effect that on October 25, 1917, and prior thereto one Russell was the owner and in possession of the property described in plaintiff's petition, and was using the same in running a restaurant and cold drink stand, and that while Russell was conducting this business he became indebted to defendants Watson and Hollick in separate accounts; that on October 26, 1917, Russell sold in bulk the property described to plaintiff, and that said sale was within the Bulk Sales Law, and that said law was not complied with; and that within ninety days of said sale Hollick and Watson each brought a separate suit by attachment against Russell, and attached said property as the property of Russell, Hollick's attachment being first; that defendant Rhodes was constable and served the attachment writs; that thereafter Hollick and Watson obtained judgments against Russell and with the executions issued thereon defendant Rhodes levied upon said property and sold the same, and with the proceeds paid the judgment and costs in Hollick's suit, and applied the balance on Watson's execution. Replying plaintiff denies that the property was attached, and alleges that said property was at all times in her possession and under her control.

Defendant Rhodes as constable made return on the Hollick attachment writ that he executed same on November 9, 1917, "by reading to and in the presence of Ida Gallup; thereby certify that I cannot serve Clint Russell as he is not in my county, and by attaching the following described goods and chattels of the defendant, the herewith attached list of goods and chattels." The list described the same property as described in plaintiff's petition. Plaintiff testified that Rhodes did nothing towards attaching the property except to read the writ to her, and make a list, with her assistance, of the property. The property was left in plaintiff's possession and she continued to use it in her restaurant until it was taken from her under the execution. Rhodes testified that he had no place to store the property and that he left it with plaintiff to keep for him as constable until he called for it. Plaintiff denied that she agreed to keep the property for Rhodes, but says that she kept it as her own. When Rhodes took the property under the execution, plaintiff vigorously protested.

For plaintiff the court instructed that if the jury found from the evidence that on January 3, 1918, plaintiff owned and was in the possession of the property, describing it, and that on that date Rhodes entered the building where plaintiff had said property and over plaintiff's protest took from her said property or any part thereof and carried the same away and did not return it or account for it otherwise, and that Rhodes was advised or instructed to take said property by Hollick or his attorney, then the verdict would be for plaintiff, unless certain predicated facts were found which would render the sale from Russell to plaintiff void under the bulk sales law. The court further instructed that in order to attach personal property it is necessary that the officer serving the writ of attachment actually take such property into his possession and out of the possession of the person in whose hands it is at the time if the property is such that it can be

taken possession of by such officer, "unless you believe and find from the evidence that plaintiff did retain and agree to hold and keep the property for defendant Rhodes as his agent and custodian, and not to hold it for herself as the vendee of of Russell." For the defendants the court instructed on the Bulk Sales and the attachment issues. At the conclusion of the argument the court gave an instruction to the effect that Russell was, before he sold to plaintiff, conducting such a business that if sold in bulk the sale would be within the provisions of the Bulk Sales Law.

Defendants' brief is not such as complies with our rules, and plaintiff challenges it on that ground. We can, however, gather from the brief and the record the decisive points. Defendants make in effect four assignments: First, that there is no substantial evidence to support the verdict; second, that the court erred in the admission of evidence; third, that the court erred in giving instructions for plaintiff; and fourth, that the verdict is excessive.

The first assignment proceeds on the theory that the sale from Russell to plaintiff was made without compliance with the Bulk Sales Law and was therefore void, and if void then plaintiff had no title and owned nothing, and regardless of the attachment being good or bad, defendants had the right under the execution to take and sell the property. If the sale was one that involved the Bulk Sales Law, and that law was not observed, then defendants had a right to proceed with the execution and take and sell the property, no question of limitation being involved. [Ward v. Stutzman, 195 Mo. App. 376, 191 S. W. 1090; Riley Penn. Oil Co. v. Symmonds, 195 Mo. App. 111, 190 S. W. 1038.] The statement, supra, that if the Bulk Sales Law applied to the sale in question the defendants here had a right to proceed with their execution regardless of the validity of the attachment is on the theory that plaintiff would be in no position to complain and not

on the theory that the judgment rendered on constructive service would be a valid judgment where there was in fact no lawful seizure of the *res.* [Weidman v. Byrne,— Mo. App.—226 S. W. 280.] There was considerable effort and evidence to show what Russell sold and how he conducted the business when he was in charge of the restaurant. There was evidence that Russell served meals, and cold drinks; kept some canned goods, apples, oranges, lemons, candies, chewing gum, cigars, crackers, bread, hams, etc., and sold some of these occasionally where the purchaser took the purchase away to his home. There is nothing in the record to show that plaintiff bought anything of consequence from Russell except the tables, chairs, etc., levied on and sold. Defendants in the abstract of plaintiff's evidence on cross-examination state that ''plaintiff testified that she bought the whole of Clint Russell's goods and fixtures;'' but nowhere does it appear what she bought except the fixtures. It is plain from this record that Russell was not conducting a merchandise business as that term is generally understood, and from this record it does not appear that plaintiff bought anything of consequence from Russell except the fixtures. In Breweries Company v. Lawton et al., 200 Mo. App. 238, 204 S. W. 730, we held that the sale of a billiard and pool hall business including tables, cues, racks and other usual equipment was not within the Bulk Sales Law. [Secs. 2286 et seq., R. S. 1919.] In that case Judge FARRINGTON speaking for the court said: ''We hold that this law is applicable only to sales made by those carrying on a mercantile business—that is merchants who buy goods, wares and merchandise as a business for the purpose of reselling, and that the act is broad enough to cover the goods and all fixtures and equipment pertaining to the vendor's business which were incident to and used in connection with the sale of the goods.'' A number of cases are cited in Breweries Co. v. Lawton et al., supra, and among them is Peoples Savings Bank v. Van Allsburg, 165 Mich,

524, 131 N. W. 101, where it is held that the Bulk Sales Law did not apply to the sale of the furniture and utensils used in the operation of a restaurant where it was not shown that a merchandise business was conducted in connection therewith. In the present case no substantial showing in this respect was made. In Balter and Miller v. Crum et al., 199 Mo. App. 380, 203 S. W. 506, it was held that the Bulk Sales Law did not apply to the sale of the wagons, horses, harness, etc., of one whose business was that of owning and operating a livery and boarding stable. In the last cited case the court said: "The words 'stock of merchandise,' are here used in the common and ordinary acceptation of those terms and are intended to mean goods or chattels which a merchant has for sale such as is often referred to by the phrase 'stock in trade' and the words fixtures and equipment mean fixtures and equipment or either one, pertaining to the vendor's business of merchandising." We hold that the sale from Russell to plaintiff was not such sale as is contemplated by our Bulk Sales Law.

The evidence claimed to have been erroneously admitted, concerned, so far as it is necessary to consider, the value of the soda fountain. A witness who had formerly owned the soda fountain was permitted over defendants' objection to testify that if the fountain was in good condition at the time defendant Rhodes took it from plaintiff that it was worth $400. He testified that it cost $1100 new as we understand, and that he gave $500 for it, and sold it with some other things for $200, but he said he sold it at a sacrifice. Plaintiff testified that the property taken from her was worth $1200. Another witness who conducted the sale for Russell when plaintiff bought testified that the property was reasonably worth from a $1000 to $1100. This witness also testified that plaintiff traded two houses (and presumably the lots) for the property she got from Russell, and that the property traded by plaintiff was worth $950. It is doubtful if the property taken from plaintiff could

be said to have a market value. It was all second hand, and defendants made no attempt to show that the value placed upon the property by plaintiff and her witnesses was not reasonable. Where property has no general market value the best obtainable evidence as to its value is admissible. [Strothers v. McFarland, Mo. App. 194 S. W. 881.] We have examined all of defendants' complaints based on the admission of evidence and find no reversible error. This also disposes of the assignment that the verdict is excessive.

The instructions especially those concerning the Bulk Sales Law were in effect a peremptory direction to find for defendants. Plaintiff did not claim that the Bulk Sales Law, if it applied, had been observed. The court instructed in effect that the business conducted by Russell was such that if sold the sale would be within the Bulk Sales Law. We find no error prejudicial to defendants in the instructions. A considerable portion of the record consists of evidence pertaining to the attachment. Plaintiff contending that the attachment was in law and in fact no attachment at all, while defendants contend that the constable properly attached the property. In view of our conclusion as to the Bulk Sales Law not being applicable to the sale involved here, it is not necessary to consider the attachment issue. We might say, however, that in view of the instruction the attachment issue is the only one that the jury could have considered; and that issue was found against defendants, and we think properly so.

The judgment below should be affirmed, and it is so ordered. *Cox, P. J.*, and *Farrington, J.*, concur.