ATLAS ROCK COMPANY, A CORPORATION, THIRD PARTY
CLAIMANT, *Plaintiff in Error*, v. MIAMI BEACH BUILD-
ERS SUPPLY COMPANY, A CORPORATION, *Defendant in
Error*.

### En Banc.

### Opinion Filed April 1, 1925.

1. The title to Chapter 5679, Acts of 1907, restricts the subject
   of the Act to a regulation of "the sale of stocks of goods,
   wares and merchandise in bulk," and the provisions of the
   Act should be so interpreted and applied as to limit the opera-
   tion of the Act to the restricted subject expressed in the title.

2. The re-enactment in the Revised General Statutes of Chap-
   ter 5679, Acts of 1907, without the title, does not change or
   enlarge the scope of the law in the absence of an indicated.
   intent to alter the scope of the enactment.

3. In so far as Chapter 5679, the Bulk Sales law, Sections 3865
   *et seq.*, Revised General Statutes, is limited in its operation
   to wholesale and retail merchants, it does not appear to be
   an arbitrary or unreasonable classification for statutory regu-
   lations.

4. A tow boat, a barge, rock crushers and piles of rock used by
   one engaged in construction work do not constitute a "stock
   of goods, wares and merchandise" within the meaning of the
   Bulk Sales law.

A Writ of Error to the Circuit Court for Dade County;
A. J. Rose, Judge.

Reversed.

*H. H. Eyles* and *Fred T. Myers*, for Plaintiff in Error;

*Semple & Taylor*, for Defendant in Error.

WHITFIELD, J.—Predicated upon a judgment by confession rendered on December 28, 1922, against J. W. Williams, doing business as Atlas Rock Company, in favor of the Miami Beach Builders Supply Company for $501.60, an execution was issued and levied upon: "1. Tow Boat named 'Otto.' 1 Barge Approach. 2 Barge Rock Crushers on property of W. G. Just. 2 Piles of Rock on Just Property, also 1 Pile of Storage Rock at Atlas Rock Co. Yard."

A claim as owner of the property was interposed by the Atlas Rock Company, a corporation, through its president, Chas. H. Bartlett, who had obtained the property from Williams before judgment and transferred it to the corporation. At a trial verdict and judgment for the plaintiff were rendered, and the Atlas Rock Company, a corporation, third party claimant, took writ of error.

It appears that the judgment creditor sought to subject the property to the judgment obtained against Williams upon the theory that the Bulk Sales Statute is applicable to the sale from Williams the debtor to Bartlett. The court apparently considered that as in a sale and transfer of the property by Williams to Bartlett the Bulk Sales law was not complied with, the issue was covered by a charge that "the burden of proving its claim to this property is upon the third party claimant, the Atlas Rock Company, a corporation, and if you believe from the evidence that it has failed to establish its claim as an innocent purchaser for value from Bartlett, then your verdict should be for the plaintiff." Whether the transfer from Williams to Bartlett was effectual as against the judgment creditor was the material consideration in the cause.

The court refused the following requested instruction: "In this case the burden of proof in the first instance, is upon the claimant to prove its title to the property levied upon. Upon such proof being made, the burden then shifts to the plaintiff to prove that the claimant either ob-

342      SUPREME COURT OF FLORIDA.

Atlas Rock Co. v. Miami Beach Builders Supply Co.—Opinion of Court.

tained such property in fraud of creditors or that such title was for some other reason void."

The Bulk Sales Law is as follows:

"AN ACT to Regulate the Sale of Stocks of Goods, Wares and Merchandise in Bulk, and to Provide Certain Penalties Therefor, and for Other Purposes.

*Be It Enacted by the Legislature of the State of Florida:*

"Section 1. It shall be the duty of every person who shall bargain for or purchase any stock of goods, wares or merchandise in bulk for cash or credit, before paying or delivering to the vendor any part of the purchase price therefor, to demand and receive from the vendor thereof, and if the vendor be a corporation, then from the managing officer or agent thereof, a written statement under oath of the names and addresses of all the creditors of said vendor, together with the amount of indebtedness due or owing by the said vendor to each of such creditors; and it shall be the duty of such vendor to furnish such statement, whether he be a wholesale or a retail merchant.

"Sec. 2. Thereupon it shall be the duty of the purchaser, at least five (5) days before the completion of said purchase, or the payment therefor, to notify personally or by registered mail, each of said creditors of the said proposed sale, the price to be paid therefor, and the terms and conditions thereof.

"Sec. 3. When any person shall purchase any stock of goods, wares or merchandise in bulk and shall pay the price or any part thereof, or execute or deliver to the vendor thereof, or to his order, or to any person for his use, any promissory note, or other evidence of indebtedness, for said purchase price, or any part thereof, without having first demanded and received from said vendor the statement under oath mentioned in Section one (1) of this Act, and

without first giving to each of the creditors whose names have been furnished by said vendor the notice provided for in Section two (2) hereof, such sale or transfer shall, as to any and all creditors of the vendor, be presumed to be fraudulent.

"Sec. 4. Any vendor of a stock of goods, wares or merchandise in bulk, who shall knowingly or wilfully make or deliver, or cause to be made or delivered, any false statement or any statement of which any material portion is false, or shall fail to include the names of all his creditors in any such statement, as is required in Section one (1) of this Act, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than five hundred dollars ($500.00), or by imprisonment for not more than six (6) months.

"Sec. 5. Any sale or transfer of a stock of goods, wares or merchandise out of the usual or ordinary course of business or trade of the vendor, or whenever thereby substantially the entire business or trade theretofore conducted by the vendor shall be sold or conveyed, or attempted to be sold or conveyed, to one or more persons, shall be deemed a fraudulent transaction or transfer in bulk in contemplation of this Act; Provided, That nothing contained in this Act shall apply to sales by executors, administrators, receivers or any public officer under judicial process.

"Sec. 6. All laws and parts of laws in conflict with this Act are hereby repealed.

"Sec. 7. This Act shall take effect upon its passage and approval by the Governor.

"Approved May 27, 1907." Chap. 5679, Acts 1907, 3865, 3868, Rev. Gen. Stats. 1920.

The title restricts the subject of the Act to a regulation of "the sale of stocks of goods, wares and merchandise in bulk," and the provisions of the Act should be so interpreted and applied as to limit the operation of the Act to

the restricted subject expressed in the title. The fact that the law has been re-enacted in the Revised General Statutes of 1920, without the title, does not change or enlarge the scope of the law in the absence of an indicated intent to alter the scope of the enactment.

The last sentence of Section 1 of the Act (Sec. 3865, Rev. Gen. Stats. 1920), appears to limit the law to wholesale and retail merchants. This does not appear to be an arbitrary or unreasonable classification for the statutory regulation. Goldstein v. Maloney, 62 Fla. 198, 57 South. Rep. 342; Lemieux v. Young, 211 U. S. 489, 29 Sup. Ct. Rep. 174; Kidd, Dater & Price Co. v. Musselman Grocer Co., 217 U. S. 461, 30 Sup. Ct. Rep. 606; 12 R. C. L. 528; 27 C. J. 874; 2 R. C. L. Supp. p. 1446 and Notes.

A tow boat, a barge, rock crushers and piles of rock used by one engaged in construction work do not constitute a "stock of goods, wares and merchandise" within the meaning of the Bulk Sales Law. See Swift & Co. v. Tempelos, 178 N. C. 487, 101 S. E. Rep. 8, 7 A. L. R. 1581 and Notes. See also Missos v. Marks, — Wis. —, 197 N. W. Rep. 196; Bolanovich v. Peter Hauptmann Tobacco Co., — Mo. App. —, 261 S. W. Rep. 723; Gallup v. Rhodes, 207 Mo. App. 692, 230 S. W. Rep. 664; Farmers' & Drovers Nat. Bank v. Hannaman, 115 Kan. 370, 223 Pac. Rep. 478; Meier Electric & Machine Co. v. Dixon, — Ind. App. —, 143 N. E. Rep. 363; 27 C. J. 880; 12 R. C. L. 527.

The Bulk Sales Law is not applicable to this case, and the quoted charge given by the court does not, and the refused quoted charge does, comport with the rules announced in Williams v. Finlayson, 49 Fla. 264, 38 South. Rep. 50, and Valdosta Mercantile Co. v. White, 52 Fla. 453, 42 South. Rep. 633, with reference to conveyances that are fraudulent and ineffectual as to creditors of the vendor.

Reversed.

.WEST, C. J., AND ELLIS, BROWNE, TERRELL AND STRUM, J. J., concur.