**Uhr v. 3361, Inc.**

*Rutenberg & Rutenberg*, for plaintiff.
*Wexler, Mulder & Weisman*, for defendant.

ALESSANDRONI, P. J., March 17, 1960.—Plaintiff is a judgment creditor of defendant 3361, Inc., and

Ralph Elia and Antoinette, his wife, individually; he filed this action in equity to establish that the transaction between 3361, Inc., and Texas Glenwood Bar, Inc., was in violation of the bulk sales law. Time Sales Finance Corporation and Samuel C. Nissenbaum were joined as defendants because the latter holds the proceeds of the sale either as escrowee or for the account of Time Sales Finance Corporation. It is further alleged that an agreement was entered into between plaintiff and defendant, Time Sales Finance Corporation, as to distribution of the proceeds. The complaint seeks the appointment of a receiver and other equitable relief.

Defendants Texas Glenwood Bar, Inc., Time Sales Finance Corporation and Samuel C. Nissenbaum filed preliminary objections.

3361, Inc., entered into a contract to sell its restaurant and taproom business together with good will and liquor license to Texas Glenwood Bar, Inc.; the purchase price was $18,500. Defendant Time Sales Finance Corporation received and apparently holds the $18,500 purchase price.

The preliminary objections allege that the complaint fails to show privity of contract between plaintiff and the objecting defendants, and that this transfer is not within the bulk sales provision of the Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 6-101 et seq., 12A PS §6-101 et seq.

If the bulk sales provisions apply the lack of privity is of no moment. It has been held that the sale of a restaurant-taproom business is a sale within the provisions of the bulk sales act: Brooks v. Lambert, 10 D. & C. 2d 237; Stein v. Goldberg, 2 D. & C. 2d 562. This holding disposes of objections 1 and 2.

Defendants attack the complaint on the basis that it fails to disclose that the transaction was not a liquidation of a security interest. If the sale was in liquida-

tion of a security interest, it would be exempt from the scope of the bulk sales provisions of the code, 12A PS §6-103(3). Where a complaint alleges that a transaction is within the provisions of the bulk sales law, a defense that it is an exempt transaction is an affirmative defense and must be established by him who raises it. There is no duty on plaintiff to affirmatively plead that a transaction is exempt.

Defendants attack their joinder as defendants on the basis that there could be no liability against defendants Time Sales and Nissenbaum.

Defendants have misconstrued the joinder of defendant Nissenbaum; liability rests on the allegation that he is an escrowee. Obviously the liability is predicated on that position and not as counsel for defendant Time Sales or even as a shareholder. Since plaintiff is attempting to reach the proceeds of this sale and it is alleged that Nissenbaum has the funds either as an escrow or on behalf of defendant Time Sales, their joinder is proper. See Pa. R. C. P. 2229(b).

Defendants' sixth objection argues that the complaint discloses on its face that the alleged written agreement is nonexistent. Although the complaint indicates that there is some merit to plaintiff's position that a written agreement was made, in that the writing delivered certain leases upon express conditions therein set forth and defendant Nissenbaum apparently retained the leases, plaintiff has agreed to amend to allege an oral agreement with the writing attached and marked exhibit A as some confirmation of same.

### Order

And now, to wit, March 17, 1960, defendants Texas Glenwood Bar, Inc., Time Sales Finance Corporation and Samuel C. Nissenbaum's preliminary objections are dismissed.

Defendants are granted leave to answer within 20 days of the date hereof.