298 So.2d 471 (1974)
Wilfredo DE LA ROSA, Appellant,
v.
TROPICAL SANDWICHES, INC., a Florida Corporation, et al., Appellees.
No. 73-1269.
District Court of Appeal of Florida, Third District.
July 12, 1974.
Rehearing Denied August 26, 1974.
*472 Lopez, Hannon & Harris, Miami, for appellant.
Nestor Morales, Miami, for appellees.
Before CARROLL and HENDRY, JJ., and BOARDMAN, EDWARD F., Associate Judge.

ON PETITION FOR REHEARING
BOARDMAN, Judge.
Upon consideration of the petition for rehearing filed herein, we recede from and withdraw our original disposition filed in this cause and substitute the following opinion in its place and stead.
Santiago Santana, Jose Pumariega and Rolando Napoles (appellees) were the owners of Tropical Sandwiches, Inc., a Florida corporation, d/b/a La Paella Restaurant (Tropical). On February 24, 1970, appellees sold 100% of the stock they owned in Tropical to the De La Torres and Sanchez (purchasers). A promissory note in the principal sum of $7,936.73, secured by the corporate stock of Tropical, was executed by the purchasers; the stock certificates were not delivered to the purchasers but held by an escrow agent under a pledge agreement. The purchasers subsequently sold the corporate stock to one Luis Vega, who expressly assumed the obligation to pay the appellees under the terms and conditions of the promissory note. Later, Vega sold the assets of Tropical to Hortensia Suarez and Isaac Carbo, who, as did Vega, expressly assumed the obligation to pay the appellees under the terms of the note, supra. In January, 1972, Suarez and Carbo sold the assets of Tropical to Luis Martinez and Rodolfo Fundora for the sum of $7,070. The latter buyers refused to assume the obligation to plaintiffs on the promissory note here involved. In April, 1972, Martinez and Fundora sold the assets of Tropical to the appellant, Wilfredo De La Rosa, for the sum of $8,170. In this transaction appellant did not assume the obligation represented by the promissory note. He was advised of the existence of the indebtedness prior to the purchase. Said note being in default and after due notice and demand for payment, appellees filed this action against De La Rosa and others. The complaint, inter alia, was for the purpose of reducing to final judgment the unpaid balance due on the promissory note plus attorney fees and costs. Jurisdiction was not obtained over the purchasers. The action resulted in the entry of an order in favor of the appellees against the remaining defendants on the note and for attorney fees. From this ruling of the trial court, appellant Wilfredo De La Rosa filed this timely appeal  the other defendants against whom judgment was entered did not appeal.
The gist of De La Rosa's appeal is two-fold. First, that he cannot be held liable for an obligation that he did not assume. Second, that absent a statutory or contractual provision to which he was a party, he cannot be held liable for attorney fees. We agree.
Notwithstanding the contention of the plaintiffs to the contrary, it is now well established that a corporation has both express and implied powers to transfer its property or assets, subject to limitations imposed by constitutional, statutory or charter provisions or by public policy. 6A Fletcher Cyclopedia Corporations, § 2925 (1968). In Florida such power is granted in § 608.19(1), Florida Statutes, F.S.A.:
Every corporation may ... sell, lease or exchange all of its property and assets... . (emphasis supplied).
When such a sale is accomplished, there is a presumption that the directors acted honestly and in the best interests of the stockholders. Baron v. Pressed Metals of *473 America, 35 Del. Ch. 325, 117 A.2d 357 (1955).
A sale of corporate assets is, in effect, merely an exchange. The assets are replaced by the proceeds of the sale. Consequently, there is no reason why a sale of equipment only should be prohibited. The interests of creditors are not prejudiced so long as a fair return is obtained in the transaction. A review of case law in this area reveals that problems generally arise because minority shareholders feel their interests have been compromised. Under the facts of the instant case, there is no indication that the appellees were prejudiced by the sale of assets.
Prior to the enactment of the Uniform Commercial Code the weight of authority held that only where the assignee had expressly assumed performance of the duties delegated was he liable to anyone. Simpson, Contracts, § 132 (2d Ed. 1965). The Uniform Commercial Code, § 2-210, recognizes both delegation of performance and assignability as normal and permissible incidents of a contract for the sale of goods. It makes an assignment of a contract or all rights under a contract an assignment of rights and a delegation of duties, as well as an implied promise to perform the duties by the act of acceptance of the assignment. Even the liberalized approach of the code, however, doesn't make one liable on an obligation where he merely purchased a chattel, or chattels as here, without assumption of the obligation.
It was contended by appellees that the Bulk Transfer Act applied to the purchase of the assets by appellant. We do not agree. Generally, a transfer in bulk and not in the ordinary course of the transferor's business of a major part of the assets is subject to the provisions of § 676.6-102, Fla. Stat., F.S.A., known as Uniform Commercial Code-bulk transfers. Whether this provision of the Code is applicable to the sale of the assets here involved presents a question of first impression in Florida. We find that prior to the enactment of the Code the Bulk Sales Statute then in effect was limited to wholesale and retail merchants.[1] The official Uniform Commercial Code comment suggests that businesses whose principal function is to provide services are not covered by the provisions of Chapter 676, supra. Such excluded businesses include restaurants. Our research discloses that two trial courts in the State of Pennsylvania have held that the official comments are not controlling and have held restaurants to be included within the provisions of the Bulk Transfers Act. Uhr v. 3361 Inc., 21 Pa. D. & C.2d 348 (1960); Zinni v. One Township Line Corp., 36 Pa. D. & C.2d 297 (1965).
We do not agree with the contention of the appellees that the Uniform Commercial Code-Bulk Transfer Act applied to the purchase of the assets by appellant. The holding of our Supreme Court in Atlas, supra, appears equally applicable to the present Uniform Commercial Code-Bulk Transfer Act. We conclude, therefore, that sales of restaurant assets are not included within the protection of the Bulk Transfer Act.
A careful review of the record on appeal clearly discloses that appellant's transferors, Martinez and Fundora, had power to transfer the assets of the corporation. Consequently the appellant, as a good faith purchaser, obtained good title to the property. Section 672.403, Fla. Stat., F.S.A. Neither the contract of purchase nor the accompanying documents executed incident to the transaction included the assumption of an obligation in favor of the appellees.
Accordingly, it was error for the trial court to find the appellant to be liable to the appellees for the outstanding balance remaining due and owing on the note.
The second point raised likewise requires reversal. The applicable law was *474 set forth in Kittel v. Kittel, Fla. 1967, 210 So.2d 1, 3:
It is an elemental principle of law in the State that attorney's fees may be awarded a prevailing party only under three circumstances, viz: (1) where authorized by contract; (2) where authorized by constitutional legislative enactment; and (3) where awarded for services performed by an attorney in creating or bringing into the court a fund or other property.
As between the parties to this appeal none of the enumerated prerequisites has been met. Accordingly, the award of an attorney's fee to the plaintiff was error.
For the reasons above assigned, the final judgment, as it applies to the appellant, is reversed and the trial court is directed to enter an order consistent with this opinion.
NOTES
[1] Atlas Rock Co. v. Miami Beach Builders' Supply Co., 89 Fla. 340, 103 So. 615 (1925).